1  GABRIEL M. RAMSEY (STATE BAR NO. 209218)
   gramsey@crowell.com
2  CHRISTOPHER CADENA (STATE BAR NO. 284834)
   ccadena@crowell.com
3  CROWELL & MORING LLP
   3 Embarcadero Center, 26th Floor
4  San Francisco, CA  94111
   Telephone: 415.986.2800
5  Facsimile: 415.986.2827

6  Attorneys for Plaintiff MJ Freeway LLC

7

8

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

14  MJ FREEWAY LLC, a Colorado limited          Case No. 3:18-cv-01828
    liability company,
15                                              **COMPLAINT FOR DAMAGES AND
                        Plaintiff,              EQUITABLE RELIEF**
16
           v.
17
    JOHN DOE,
18
                        Defendant.
19

20

21         Plaintiff MJ Freeway LLC ("MJ Freeway") hereby complains and alleges against John

22  Doe ("Defendant") as follows:

23                           <u>**NATURE OF THE ACTION**</u>

24         1.      This is an action based upon:  (1) the Computer Fraud and Abuse Act, 18 U.S.C. §

25  1030, *et seq.*; (2) the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*; (2) California's

26  Uniform Trade Secrets Act (Cal. Civ. Code § 3426, *et seq.*); (3) unfair competition (under Cal.

27  Bus. & Prof. Code § 17200, *et seq.*); (4) common law trade secret misappropriation and unfair

28

1  competition; and (5) violation of California Penal Code § 502(c) against Defendant.  MJ Freeway

2  seeks injunctive relief, damages and other appropriate relief to stop Defendant's unauthorized

3  access to MJ Freeway's protected computers and MJ Freeway's confidential information and

4  trade secrets and to stop Defendant's use, disclosure and misappropriation of MJ Freeway's

5  confidential information and trade secrets.

6  **THE PARTIES**

7  2.  Plaintiff MJ Freeway LLC is a Colorado limited liability company, duly organized

8  and existing under the laws of the State of Colorado, having its headquarters and principal place

9  of business in Denver, Colorado.

10  3.  MJ Freeway is unaware of the true name and capacity of Defendant sued herein as

11  John Doe, and therefore sues this Defendant by such fictitious name.  Defendant has used various

12  infrastructure to carry out the actions complained of herein, including the email address:

13  jvauvl@gmail.com.  Defendant has, without authorization or exceeding authorization, accessed

14  MJ Freeway's computers and servers that store confidential and proprietary MJ Freeway material

15  and trade secrets, and that Defendant has misappropriated said information, material and trade

16  secrets.  MJ Freeway will amend this complaint to allege Defendant's true name and capacity

17  when ascertained.  MJ Freeway is informed and believes and therefore alleges that the fictitiously

18  named Defendant is responsible in some manner for the occurrences herein alleged, and that MJ

19  Freeway's injuries as herein alleged were proximately caused by such Defendant.

20  **JURISDICTION AND VENUE**

21  4.  This is a Complaint for an injunction, damages and other appropriate relief

22  resulting from Defendant's unauthorized access of MJ Freeway's computers and servers and

23  Defendant's misappropriation of MJ Freeway's confidential information and trade secrets.  In this

24  action, MJ Freeway asserts violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et*

25  *seq.*; violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*; violation of

26  California's Uniform Trade Secrets Act (Cal. Civ. Code § 3426, *et seq.*); unfair competition

27  pursuant to California Business & Professions Code § 17200, *et seq.*; common law trade secret

28  misappropriation and unfair competition; and violation of California Penal Code § 502(c); and

1    declaratory relief against Defendant.

2         5.     This Court has subject matter jurisdiction pursuant to 18 U.S.C. § 1836(c) and 28

3    U.S.C. § 1331.  This action also arises from Defendant's violation of California statutory law and

4    common law.  Accordingly, this Court has supplemental jurisdiction over the state law claims

5    pursuant to 28 U.S.C. § 1367.

6         6.     Defendant is subject to personal jurisdiction in this Court and venue is proper in

7    this Court pursuant to 28 U.S.C. § 1391(b).  A substantial part of the events or omissions giving

8    rise to the claims pled herein occurred in the Northern District of California.  Defendant has

9    committed such purposeful acts and/or transactions in the Northern District of California that it

10   reasonably knew and/or expected that it could be haled into a California court as a future

11   consequence of such activity. In particular, Defendant has registered, accessed and used extensive

12   computer and information technology infrastructure located in the Northern District of California,

13   causing the injury alleged herein.  Defendant's actions have injured MJ Freeway's economic

14   interests in California.  Defendant has the requisite minimum contacts with the Northern District

15   of California such that this venue is a fair and reasonable one.

16                        **NATURE OF MJ FREEWAY'S BUSINESS**

17        7.     MJ Freeway is the industry-leading software, consulting, and data solution for

18   cannabis businesses, serving clients in every regulated market in the United States, Canada,

19   Europe, and Australia.  Founded in 2010 and designed and built specifically for cannabis

20   businesses, MJ Freeway's technology includes an innovative seed to sale supply chain Enterprise

21   Resource Planning (ERP) Platform which leverages sophisticated business intelligence insights.

22   MJ Freeway's pioneering Leaf Data Systems software solution enables governments to track

23   cannabis, prevent diversion, and ensure patient, public, and product safety.  MJ Freeway also

24   offers a complete suite of consulting services for new and existing cannabis businesses.

25            **MJ FREEWAY HAS DEVELOPED ITS INTELLECTUAL PROPERTY**

26        8.     MJ Freeway has expended tremendous resources to cultivate and develop valuable

27   information and intellectual property.  MJ Freeway has spent significant time, effort and money

28   since at least 2010  to develop valuable business trade secrets including, but not limited to

computer code and program designs comprising MJ Freeway's software products, designs for its current and future products and technologies, research and development techniques and results, product and technology prototypes, product and technology specifications, schematics and similar descriptions, product components, customer and client information, business information and other confidential intellectual property. The development, refinement, compilation and management of such information have enabled MJ Freeway to succeed in a competitive industry.

**MJ FREEWAY TAKES REASONABLE EFFORTS TO PROTECT ITS TRADE SECRETS**

9.     As part of its regular course of business, MJ Freeway hires and engages employees as well as consultants, business associates and other third parties involved in MJ Freeway's business ("third-party consultants"). During the course of the relationship with MJ Freeway, its employees and third-party consultants may be privy to, learn of, and may obtain access to MJ Freeway's confidential and trade secret information that is not available to the public.

10.     Because of the highly competitive nature of the software industry in which MJ Freeway operates and given MJ Freeway's need to maintain its competitive position through the protection of its goodwill, trade secrets and confidential material, MJ Freeway takes steps to safeguard its confidential and proprietary information and trade secrets.

11.     MJ Freeway limits access to sensitive confidential information and trade secrets, including but not limited to passwords on its computers, user authentication, security features and tools deployed in its servers, code repositories, databases and networks, limits on access to confidential information and trade secrets, including code, to those individuals with a need to access such material based upon their roles, secured access to its facilities and other security measures that limit and control access to its confidential intellectual property and trade secrets. MJ Freeway takes security measures, including locking its doors and activating an alarm system after business hours and having security guards. During business hours, members of the public are not allowed in the facility unless they have an appointment or are otherwise escorted by an MJ Freeway employee. Sensitive documents are kept in separate secured locations. MJ Freeway's computers, servers, databases, code repositories and networks may only be accessed by MJ Freeway employees with proper user ID and passwords.

12.     MJ Freeway does not freely share its confidential material or trade secrets with any entity or person outside of MJ Freeway.  MJ Freeway requires all of its employees and third-party consultants to sign agreements that include confidentiality, non-disclosure and non-use provisions that acknowledge its employees and third-party consultants will receive confidential and proprietary material and information during their employment belonging to MJ Freeway.  MJ Freeway's confidentiality provisions define its proprietary and confidential material broadly and prohibit, *inter alia*, its employees and third-party consultants from disclosing MJ Freeway's confidential and proprietary material to anyone outside of MJ Freeway without its consent or otherwise misappropriating MJ Freeway's confidential and proprietary material.  These agreements signed by MJ Freeway's employees and third-party consultants establish a contractual duty to MJ Freeway not to, among other things, disclose, use or retain MJ Freeway's confidential or proprietary information without MJ Freeway's authorization.

13.     MJ Freeway is informed and believes and thereupon alleges that Defendant may have directly or indirectly solicited the assistance of one or more of its former or current employees or third-party consultants, or may be one or more of its former or current employees or third-party consultants.  MJ Freeway is informed and believes and therefore alleges that Defendant may have entered into an agreement with MJ Freeway that contained confidentiality, non-disclosure and non-use provisions, or may otherwise be bound by the provisions of such an agreement.

## DEFENDANT'S UNLAWFUL CONDUCT

14.     Defendant gained access to MJ Freeway's computers that store its intellectual property, trade secrets, and other confidential and propriety material and intended to disclose this material to MJ Freeway's competitors and to the public.  Defendant intentionally accessed MJ Freeway's computers, copied confidential MJ Freeway material, including source code for its products and systems and confidential customer and client data, and transmitted said material to MJ Freeway's competitors and to the public.  By doing so, Defendant's unlawful conduct has resulted in the unauthorized access, use, disclosure and dissemination of MJ Freeway confidential and propriety material and information to, *inter alia*, competitors and to the public.  Upon

1    information and belief, Defendant induced and caused parties to violate the confidentiality

2    provisions of MJ Freeway's confidentiality, non-disclosure and non-use agreements, or directly

3    violated such agreements, exceeded any authorization to access MJ Freeway's computers or

4    accessed such computers without authorization.

5    **DEFENDANT ACCESSED MJ FREEWAY'S COMPUTERS WITHOUT**
     **AUTHORIZATION OR EXCEEDING AUTHORIZATION TO OBTAIN**
6    **CONFIDENTIAL AND PROPRIETARY INFORMATION**

7          15.    MJ Freeway stores its confidential and proprietary material on secured computers

8    and servers.  MJ Freeway's computers and servers are accessible only by secure means and with

9    authorization, via the Internet and local networks.  Beginning at least as early as late 2016, and at

10   several points thereafter, Defendant intentionally accessed MJ Freeway's computers and servers

11   that store MJ Freeway's confidential and proprietary material without authorization or exceeding

12   Defendant's authorization.  Defendant carried out the unauthorized intrusion and access to MJ

13   Freeway's computers and servers, and created technical infrastructure to do so, using a variety of

14   third-party technical infrastructure, including electronic mail addresses, IP addresses, internet

15   domains, dedicated and cloud hosting facilities, social media accounts and similar technical

16   infrastructure.  Thereafter, Defendant obtained, copied and ultimately disclosed to MJ Freeway's

17   competitors and to the public the foregoing confidential intellectual property, including

18   confidential computer code comprising MJ Freeway's software products, designs for its current

19   and future products and technologies, customer and client information, business information and

20   other confidential intellectual property.  Such disclosure includes, but is not limited to posting this

21   information in internet forums and transmitting it through electronic communications means to

22   third parties.  Upon information and belief, MJ Freeway alleges that Defendant intended each of

23   these acts.

24         16.    MJ Freeway did not authorize Defendant to access its computers and servers to

25   obtain this confidential and proprietary MJ Freeway information and trade secrets or to disclose

26   this information to MJ Freeway's competitors, to the public or to any other third party.  To the

27   contrary, such information is only accessible to those employees and/or third-party consultants

28   that entered into an employment and/or consultant agreement that contained confidentiality, non-

disclosure and non-use provisions.  If the Defendant who accessed and disclosed such information was subject to such an agreement, they would be subject to a duty to maintain the secrecy of MJ Freeway's confidential and proprietary material and could not copy, retain or disclose MJ Freeway's confidential material without MJ Freeway's consent.  Nor could Defendant use MJ Freeway's confidential, proprietary and trade secret material for its own benefit or to MJ Freeway's detriment, without MJ Freeway's consent.

17.   Defendant's unauthorized access to MJ Freeway's computers and servers and Defendant's disclosure of MJ Freeway's confidential and proprietary information to its competitors and to the public has caused irreparable harm to MJ Freeway.  Defendant's conduct has caused MJ Freeway to suffer damages, including impairment of its systems and provision of highly sensitive information to competitors and to the public.  Defendant's conduct has caused MJ Freeway to incur losses including but not limited to costs associated with:  investigating Defendant's unauthorized access and disclosure, conducting a damages assessment, taking mitigation measures and implementing additional security and safety measures to prevent further unauthorized access or disclosure.

18.   Upon information and belief, Defendant has profited from his/her unauthorized access to MJ Freeway's computers and his/her disclosure and use of MJ Freeway's confidential and trade secret information by, *inter alia*, disclosing MJ Freeway's trade secrets to competitors and other unknown third parties for his/her own benefit and using MJ Freeway's intellectual property to unfairly compete with MJ Freeway.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**(Violation of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030(a)(2)(C), (4) and (5)**

19.   MJ Freeway realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 18 above.

20.   MJ Freeway's computers and servers that store its confidential, proprietary and trade secret material and information are "protected computer(s)" within the scope of 18 U.S.C. § 1030(e)(2)(B) in that they are used in interstate commerce or communication—specifically the

CROWELL & MORING LLP
ATTORNEYS AT LAW

1    Internet.

2         21.    Beginning on or before late 2016, and at points thereafter, Defendant knowingly

3    and intentionally, accessed MJ Freeway's protected computers and servers in order to access,

4    obtain and disclose to MJ Freeway's competitors confidential, proprietary and trade secret

5    material and information.  Defendant's access to MJ Freeway's computers was without

6    authorization and exceeded any authorization from MJ Freeway as Defendant accessed those

7    computers and servers in order to access, obtain and disclose confidential, proprietary and trade

8    secret material to third parties outside of MJ Freeway without MJ Freeway's prior consent, thus

9    furthering the intended fraud.  Defendant's access to MJ Freeway's computers also exceeded any

10   authorization from MJ Freeway as Defendant accessed those computers and servers to obtain

11   confidential, proprietary and trade secret information for his/her own use and benefit and to MJ

12   Freeway's detriment, without MJ Freeway's consent.  Such activities are also in direct

13   contravention of the confidentiality provisions in employment and/or consultant agreements to

14   which such materials were subject.  To carry out this unauthorized access, Defendant knowingly

15   caused the transmission of a program, information, code and command, and the theft of

16   credentials, and as a result of such conduct, intentionally caused damage.  Defendant's

17   unauthorized access has caused damages and loss in excess of $5000 in a one-year period, within

18   the scope of 18 U.S.C. § 1030(a)(5).

19        22.    Defendant knowingly and with intent to defraud, without authorization and in

20   excess of authorization, accessed MJ Freeway's protected computers and servers and by means of

21   such conduct, furthered the intended fraud and obtained without payment services valued in

22   excess of $5000 in a one-year period, within the scope of 18 U.S.C. § 1030(a)(4).

23        23.    Defendant has intentionally accessed MJ Freeway's protected computers and

24   servers without authorization and in excess of authorization, and thereby obtained information

25   from MJ Freeway's computers and servers by means of interstate or foreign communications,

26   within the scope of 18 U.S.C. § 1030(a)(2)(C).

27        24.    The Defendant's unauthorized access of MJ Freeway's protected computers have

28   caused damages and losses in excess of $5000 in a one-year period, in that their conduct has

1    impaired the integrity of MJ Freeway's computers and servers and has caused MJ Freeway to

2    incur costs to investigate Defendant's unauthorized access and disclosure, conduct a damages

3    assessment, to take mitigation measures and to implement additional security and safety measures

4    to prevent further unauthorized access or disclosure.

5         25.     Under 18 U.S.C. § 1030(g), MJ Freeway is entitled to compensatory damages and

6    injunction or other equitable relief.

7                            **SECOND CLAIM FOR RELIEF**
     **(Trade Secret Misappropriation, Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*)**
8

9         26.     MJ Freeway realleges and incorporates by reference each and every allegation set

10   forth in paragraphs 1 through 25 above.

11        27.     MJ Freeway owns and possesses certain confidential and trade secret information,

12   including confidential computer code comprising MJ Freeway's software products, designs for its

13   current and future products and technologies, customer and client information, business

14   information and other confidential intellectual property.

15        28.     MJ Freeway's confidential and trade secret information relates to products and

16   services used, sold, shipped and ordered in, or intended to be used, sold, shipped and/or ordered

17   in, interstate or foreign commerce.

18        29.     MJ Freeway has taken reasonable steps to protect the secrecy of its confidential

19   and trade secret information, including the secrecy of the information that Defendant has

20   misappropriated.

21        30.     Defendant has misappropriated MJ Freeway's confidential and trade secret

22   information in the improper and unlawful manner as alleged herein.

23        31.     Defendant has continued in its attempts to misappropriate MJ Freeway's

24   confidential and trade secret information and, if Defendant is not enjoined, Defendant will

25   continue to misappropriate, disclose, and use for their benefit and to MJ Freeway's detriment the

26   confidential and trade secret information.

27        32.     Because MJ Freeway's remedy at law is inadequate, MJ Freeway seeks—in

28   addition to damages—injunctive relief to protect its confidential and trade secret information as

1   well as MJ Freeway's legitimate business interest.  MJ Freeway will continue to suffer irreparable

2   harm absent injunctive relief.

3       33.    MJ Freeway has a substantial likelihood of success on the merits because of

4   Defendant's blatant, willful, and malicious misappropriation of trade secrets through the unlawful

5   methods alleged herein.

6       34.    Defendant's misappropriation of MJ Freeway's confidential information and trade

7   secrets has caused and will continue to cause MJ Freeway substantial injury, including, but not

8   limited to actual damages, lost profits, harm to its reputation, and the diminution in value of its

9   trade secrets.  Defendant has been unjustly enriched by Defendant's misappropriation MJ

10   Freeway's confidential information and trade secrets.

11       35.    Defendant's misappropriation of MJ Freeway's confidential information and trade

12   secrets was intentional, knowing, willful, malicious, fraudulent, and oppressive.  MJ Freeway is

13   entitled to an award of exemplary damages and reasonable attorneys' fees.

14
### THIRD CLAIM FOR RELIEF
### (Trade Secret Misappropriation, Cal. Civ. Code §§ 3426 *et seq.*)

15       36.    MJ Freeway realleges and incorporates by reference each and every allegation set

16   forth in paragraphs 1 through 35 above.

17       37.    MJ Freeway owns and possesses certain confidential and trade secret information

18   as alleged above.  These are trade secrets within the meaning of California Civil Code Sections

19   3426 through 3426.11.

20       38.    MJ Freeway has taken reasonable steps to protect the secrecy of its confidential

21   and trade secret information, including the secrecy of the information that Defendant has

22   misappropriated.

23       39.    Defendant has misappropriated MJ Freeway's confidential and trade secret

24   information in the improper and unlawful manner as alleged herein.

25       40.    Defendant has continued in its attempts to misappropriate MJ Freeway's

26   confidential and trade secret information and, if Defendant is not enjoined, Defendant will

27   continue to misappropriate, disclose, and use for their benefit and to MJ Freeway's detriment the

confidential and trade secret information.

41.     Because MJ Freeway's remedy at law is inadequate, MJ Freeway seeks—in addition to damages—injunctive relief to protect its confidential and trade secret information as well as MJ Freeway's legitimate business interest.  MJ Freeway will continue to suffer irreparable harm absent injunctive relief.

42.     MJ Freeway has a substantial likelihood of success on the merits because of Defendant's blatant, willful, and malicious misappropriation of trade secrets through the unlawful methods alleged herein.

43.     Defendant's misappropriation of MJ Freeway's confidential information and trade secrets has caused and will continue to cause MJ Freeway substantial injury, including, but not limited to actual damages, lost profits, harm to its reputation, and the diminution in value of its trade secrets.  Defendant has been unjustly enriched by Defendant's misappropriation MJ Freeway's confidential information and trade secrets.

44.     Defendant's misappropriation of MJ Freeway's confidential and trade secret information was intentional, knowing, willful, malicious, fraudulent, and oppressive, all within the meaning of California Civil Code, Section 3294.  Defendant misappropriated MJ Freeway's confidential and trade secret information intentionally and knowingly and with a deliberate intent to benefit themselves and to injure MJ Freeway.  MJ Freeway is entitled to its damages, in an amount to be determined at trial, as well as injunctive relief, and an award of punitive damages and/or treble damages and attorney's fees pursuant to California Civil Code, Sections 3426.3(c) and 3426.4.

### FOURTH CLAIM FOR RELIEF
**(Unfair Competition, Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

45.     MJ Freeway realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 44 above.

46.     By obtaining MJ Freeway's confidential and proprietary material without its authorization or consent and disclosing the material and information to MJ Freeway's competitors and to the public, Defendant has competed unfairly.  Through his/her actions, Defendant has both

compromised the confidentiality of MJ Freeway's trade secrets and other intellectual property, undermined MJ Freeway's business and its reputation in the marketplace, compromised its ability to compete and caused MJ Freeway to incur costs and damage. Among other things, Defendant has given MJ Freeway's competitors an unfair advantage in the marketplace by providing them proprietary information on current and future MJ Freeway products they would otherwise not have obtained. Defendant, moreover, has simultaneously compromised MJ Freeway's opportunity to benefit from its ingenuity and efforts as embodied in its intellectual property, trade secrets and other proprietary material.

47. These acts and practices, as described herein, constitute unfair competition in violation of California Business and Professions Code Sections 17200 *et seq.*, as follows:

a. Defendant's violations of Civil Code Sections 3426 *et seq.*, as alleged herein, constitute unlawful business acts or practices, within the meaning of Business and Professions Code Sections 17200 *et seq.*; and

b. Defendant's acts in violation of law and in direct or indirect violation of an employment and/or consultant agreement and the implied covenant of good faith and fair dealing inherent therein, as alleged herein, are part of a concerted effort by Defendant to significantly threaten competition in the relevant market and constitute unfair business acts or practices within the meaning of Business and Professions Code Sections 17200 *et seq.*

48. As a direct and proximate result of Defendant's unfair competition in violation of Business and Professions Code Sections 17200 *et seq.*, MJ Freeway is informed and believes, and thereon alleges, that Defendant has been unjustly enriched in an amount not yet ascertained.

49. As a direct and proximate result of Defendant's unfair competition in violation of Business and Professions Code Sections 17200 *et seq.*, MJ Freeway has suffered and will continue to suffer great and irreparable harm. Upon information and belief, Defendant threatens to commit further violations of Business and Professions Code Sections 17200 *et seq.* and, unless restrained and enjoined, will do so, all to MJ Freeway's irreparable damage. MJ Freeway's remedy at law is not by itself adequate to compensate MJ Freeway for the harm inflicted and

threatened by Defendant.  MJ Freeway, thus, seeks preliminary and permanent injunctive relief

pursuant to, *inter alia*, Business and Professions Code Section 17203.

## FIFTH CAUSE OF ACTION
### (Common Law Misappropriation and Unfair Competition)

50.     MJ Freeway realleges and incorporates by reference each and every allegation set

forth in paragraphs 1 through 49 above.

51.     MJ Freeway has expended considerable time and money developing the

confidential and proprietary material that Defendant obtained.

52.     Defendant has taken MJ Freeway's confidential and proprietary material without

authorization and has disclosed and/or used the MJ Freeway confidential and proprietary material

and information without authorization or permission from MJ Freeway.

53.     As a consequence of Defendant's unauthorized disclosure and use of MJ

Freeway's confidential and proprietary material, MJ Freeway has been harmed.  MJ Freeway is

informed and believes, and on that basis alleges, that Defendant's conduct constitutes common

law misappropriation and unfair competition and were carried out willfully, fraudulently,

maliciously and with the wanton disregard of MJ Freeway's rights, thereby entitling MJ Freeway

to compensatory and punitive damages to be proven at trial.

## SIXTH CAUSE OF ACTION
### (Violations of California Penal Code Section 502(c))

54.     MJ Freeway realleges and incorporates by reference each and every allegation set

forth in paragraphs 1 through 53 above.

55.     Defendant has, without authorization or permission, knowingly accessed, used,

and copied MJ Freeway's confidential and proprietary material and information. In addition,

Defendant has disclosed MJ Freeway's confidential and proprietary material information to its

competitors and to the public, expressly or implicitly instructing them to access, use and copy this

material and information.

56.     Defendant's unauthorized use and participation in the access of MJ Freeway's

confidential and proprietary material and information has caused MJ Freeway damage and has

caused loss to MJ Freeway.

1    57.    Defendant's actions constitute violations of California Penal Code section 502(c).

2                                      **PRAYER FOR RELIEF**

3    WHEREFORE, plaintiff MJ Freeway prays for judgment against Defendant, inclusive as

4    follows:

5         1.    For compensatory, consequential and incidental damages according to proof;

6         2.    For recovery of the unjust enrichment obtained by Defendant as a result of its

7    wrongful conduct;

8         3.    For exemplary damages as provided in 18 U.S.C. § 1836(b)(3)(C), Cal. Civil Code

9    § 3426.3(c) and the common law;

10        4.    For preliminary and permanent injunctive relief;

11        5.    For an award of prejudgment interest and costs of suit to the extent permitted by

12   law;

13        6.    For an award of its reasonable attorneys' fees; and

14        7.    For such other and further relief as the Court deems just and proper.

15
     Dated:  March 23, 2018                    CROWELL &  MORING LLP
16

17                                                    _/s/ Gabriel M. Ramsey_____
                                                Gabriel M. Ramsey
18                                              Christopher Cadena
                                                Attorneys for Defendant MJ FREEWAY LLC
19

20

21

22

23

24

25

26

27

28