UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MJ FREEWAY,<br>　　　　Plaintiff,<br>　　v.<br>DOE JOHN,<br>　　　　Defendant. | Case No. 18-cv-01828-JCS<br><br>**ORDER GRANTING MOTION TO SHORTEN TIME AND DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO CONDUCT THIRD PARTY DISCOVERY**<br><br>Re: Dkt. Nos. 3, 5 |

Plaintiff MJ Freeway LLC brings a motion for leave to conduct discovery necessary to identify the John Doe Defendant named in this action ("Motion").[1] For the reasons stated below, the Motion is DENIED without prejudice.

The Ninth Circuit has held that when the identities of defendants are not known before a complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Courts within the Ninth Circuit apply a "good cause" standard to determine whether to permit such early discovery. *Dallas Buyers Club LLC v. Doe-69.181.52.57*, No. 16-CV-01164-JSC, 2016 WL 4259116, at *1 (N.D. Cal. Aug. 12, 2016). To show "good cause," the party seeking early discovery must, among other things, "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court" and "demonstrate[ ] that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible."

---

[1] The Motion to Shorten Time is GRANTED.

*OpenMind Solutions, Inc. v. Does 1-39*, No. 11-3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011) (citing *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 578-80 (N.D. Cal. 1999)).

Plaintiff has not met these requirements. The Motion describes the *type* of discovery that is sought but does not identify any *specific* discovery Plaintiff seeks to conduct. Consequently, it is impossible to determine whether the discovery Plaintiff seeks to conduct is reasonably likely to allow Plaintiff to identify the Doe Defendant. Therefore, the Court denies Plaintiff's request without prejudice. Should Plaintiff file a renewed request for early discovery, it should specifically identify the discovery it seeks and attach to the request any proposed subpoenas or other discovery, which should be narrowly tailored to seek only the information necessary to identify the Doe Defendant. It should also include information demonstrating that the particular information sought is reasonably likely to lead the identification of the Doe Defendant.

**IT IS SO ORDERED.**

Dated: March 27, 2018

JOSEPH C. SPERO
Chief Magistrate Judge