GABRIEL M. RAMSEY (STATE BAR NO. 209218)
gramsey@crowell.com
CHRISTOPHER CADENA (STATE BAR NO. 284834)
ccadena@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

Attorneys for Plaintiff MJ Freeway LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MJ FREEWAY LLC, a Colorado limited liability company,

Plaintiff,

v.

JOHN DOE,

Defendant.

Case No. 3:18-cv-01828-JCS

**MJ FREEWAY LLC'S RENEWED MOTION FOR LEAVE TO CONDUCT THIRD PARTY DISCOVERY**

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND TO THEIR COUNSEL:

PLEASE TAKE NOTICE THAT Plaintiff MJ Freeway LLC ("MJ Freeway") hereby moves this Court for an order granting leave to conduct third party discovery sufficient to identify, name and serve the John Doe Defendant in this action. Pursuant to the Motion to Shorten Time filed on March 23, 2018, MJ Freeway respectfully requests that the instant motion be heard on March 30, 2018 or as soon thereafter as the matter may be heard, so that MJ Freeway may more quickly learn of the John Doe Defendant's identity and location and more quickly name them in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff MJ Freeway respectfully moves for leave to conduct the discovery necessary to identify the John Doe Defendant ("Defendant") named in this action. MJ Freeway filed this lawsuit alleging violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030, *et seq*.), trade secret misappropriation under the Defend Trade Secret Act (18 U.S.C. § 1836, *et seq.*) and California's Uniform Trade Secrets Act (Cal. Civ. Code § 3246, *et seq.*), unfair competition and other California state law claims, after it discovered that, at least as early as late 2016, and at several points thereafter, Defendant intentionally, and without authorization and exceeding authorization, accessed MJ Freeway's computers and servers that store MJ Freeway's confidential and proprietary material and disseminated that information.

Since learning of the unauthorized access of its computers and the disclosure of its confidential material, MJ Freeway has undertaken an extensive investigation to identify the individual(s) responsible for these unlawful actions. This investigation has resulted in identification of information used by Defendant to carry out the unauthorized intrusion and access, and to disseminate MJ Freeway's confidential information, including electronic mail addresses, IP addresses, Internet domains, dedicated and cloud hosting facilities, social media accounts and similar technical infrastructure. MJ Freeway has searched public records and the Internet for information regarding this infrastructure that might lead to identification of the

Defendant. MJ Freeway has also requested information from competitors, former and current employees and third party consultants that might lead to identification of the Defendant. Notwithstanding these efforts, MJ Freeway has not been able to identify the Defendant. Having exhausted all reasonable efforts, MJ Freeway is, as yet, unable to determine the identity of the Defendant and the information that may definitively identify the Defendant appears to reside with third parties including Internet Service Providers, which maintain the records regarding the electronic mail addresses, IP addresses, internet domains, dedicated and cloud hosting facilities, social media accounts and similar technical infrastructure used by Defendant to carry out the unlawful actions at issue.

MJ Freeway now seeks leave to conduct limited discovery of third party entities, which maintain the records regarding the electronic mail addresses, IP addresses, internet domains, dedicated and cloud hosting facilities, social media accounts and similar technical infrastructure used by Defendant to carry out the unlawful actions at issue. This discovery is necessary to identify and locate the Defendant responsible for the unauthorized access of MJ Freeway's computers and dissemination of its confidential material.

## II. FACTS

MJ Freeway is the industry-leading software, consulting, and data solution for cannabis businesses, serving clients in every regulated market in the United States, Canada, Europe, and Australia. Founded in 2010 and designed and built specifically for cannabis businesses, MJ Freeway's technology includes an innovative seed to sale supply chain Enterprise Resource Planning (ERP) Platform which leverages sophisticated business intelligence insights. MJ Freeway's pioneering Leaf Data Systems software solution enables governments to track cannabis, prevent diversion, and ensure patient, public, and product safety. MJ Freeway also offers a complete suite of consulting services for new and existing cannabis businesses. Complaint at ¶ 7.

### A. Defendant, Without Authorization, Intruded Into MJ Freeway's Computers And Accessed Confidential Information

MJ Freeway stores its confidential and proprietary material on secured computers and

servers. MJ Freeway's computers and servers are accessible only by secure means and with authorization, via the Internet and local networks. *Id.*, ¶ 15. Beginning at least as early as late 2016, and at several points thereafter, Defendant intentionally accessed MJ Freeway's computers and servers that store MJ Freeway's confidential and proprietary material without authorization or exceeding Defendant's authorization. *Id.*

MJ Freeway did not authorize Defendant to access its computers and servers to obtain this confidential and proprietary MJ Freeway information and trade secrets. *Id.*, ¶ 16. To the contrary, such information is only accessible to those employees and/or third party consultants that entered into an employment and/or consultant agreement that contained confidentiality, non-disclosure and non-use provisions. *Id.* Nor could Defendant use MJ Freeway's confidential, proprietary and trade secret material for its own benefit or to MJ Freeway's detriment, without MJ Freeway's consent. *Id.*

Defendant carried out the unauthorized intrusion and access to MJ Freeway's computers and servers, and created technical infrastructure to do so, using a variety of third party technical infrastructure, including electronic mail addresses, IP addresses, internet domains, dedicated and cloud hosting facilities, social media accounts and similar technical infrastructure. *Id.*, ¶ 15. Defendant carried out this unauthorized intrusion, through a variety of technical means, including transmission of a program, information, code and command, and the theft of credentials. *Id.*, ¶ 21.

**B. <u>Defendant Disclosed MJ Freeway's Confidential And Proprietary Information To MJ Freeway's Competitors And To The Public</u>**

MJ Freeway has expended tremendous resources to cultivate and develop valuable information and intellectual property. *Id.*, ¶ 8. MJ Freeway has spent significant time, effort and money since at least 2010 to develop valuable business trade secrets including, but not limited to computer code and program designs comprising MJ Freeway's software products, designs for its current and future products and technologies, research and development techniques and results, product and technology prototypes, product and technology specifications, schematics and similar descriptions, product components, customer and client information, business information and

other confidential intellectual property. *Id.* The development, refinement, compilation and management of such information have enabled MJ Freeway to succeed in a competitive industry. *Id.*

Defendant intentionally accessed MJ Freeway's computers and servers that store its confidential and proprietary material, copied confidential MJ Freeway material, including source code for its products and systems and confidential customer and client data, and transmitted said material to MJ Freeway's competitors and to the public. *Id.*, ¶ 14.

### C. <u>MJ Freeway Has Exhausted All Reasonable Efforts To Identify And Locate Defendant</u>

Upon discovering that Defendant intentionally, and without authorization and exceeding authorization, accessed MJ Freeway's computers and servers that store MJ Freeway's confidential and proprietary material and disseminated that information, MJ Freeway undertook an extensive investigation to identify the individual(s) responsible for these unlawful actions, including their name and location. Declaration of Gabriel M. Ramsey ("Ramsey Decl."), ¶¶ 3-4.

MJ Freeway has undertaken an extensive technical investigation regarding the Defendant's intrusion into MJ Freeway's computers. This investigation has resulted in identification of information used by Defendant to carry out the unauthorized intrusion and access, and to disseminate MJ Freeway's confidential information, including electronic mail addresses, Internet Protocol ("IP") addresses, internet domains, dedicated and cloud hosting facilities, social media accounts and similar technical infrastructure. Ramsey Decl., ¶ 5

MJ Freeway has engaged in an extensive search of public records and the Internet for information regarding this infrastructure that might lead to identification of the Defendant. *Id.*, ¶¶ 6-14. MJ Freeway has also requested information from competitors, former and current employees and third party consultants that might lead to identification of the Defendant. *Id.*, ¶ 15. To date, no information sufficient to definitively identify and name the Defendant has been obtained from public resources associated with the technical infrastructure used by Defendant, or from other public sources. *Id.*, ¶¶ 6-15.

**D. <u>Civil Discovery Is Likely To Enable MJ Freeway To Identify The Defendant Responsible For Accessing Its Computers And Disclosing Its Confidential Intellectual Property And Trade Secrets</u>**

Through its investigation, MJ Freeway has identified the following technical infrastructure associated with the Defendant and which Defendant used to carry out the acts alleged in the Complaint. Discovery to, at least, the following sources of information is reasonably likely to enable MJ Freeway to identify Defendant:

a) Defendant used the email account **jvauvl@gmail.com** to create an administrative account to impersonate an MJ Freeway employee and obtain unauthorized access to MJ Freeway's computers. Discovery to the email address provider is likely to reveal information about the Defendant's identity, such as account registration information, and/or information that, with further discovery, will lead to Defendant's identity, including IP addresses used at a particular date and time by Defendant to register and access the account. Ramsey Decl., ¶ 6.a., Ex. 1.

b) Defendant used the following accounts on the social media site reddit.com to distribute MJ Freeway's confidential and trade secret source code: **techdudes420**, **deerdoe1962**, **superyonnie**. Discovery to the provider of these accounts is likely to reveal information about the Defendant's identity, such as account registration information, and/or information that, with further discovery, will lead to Defendant's identity, including IP addresses used at a particular date and time by Defendant to register and access the accounts. *Id.* at ¶ 6.b., Ex. 2.

c) Defendant installed malicious software on a server of MJ Freeway and used the malicious software to send information from that server to the domain mjfreewayzone.com. Defendant used the email account **thecontroller82@juno.com** to register the foregoing domain. Discovery to the email address provider is likely to reveal information about the Defendant's identity, such as account registration information, and/or information that, with further discovery, will lead to Defendant's identity, including IP addresses used at a particular date and time by Defendant to register and access the account. *Id.* at ¶ 6.c., Ex. 3.

d) Defendant logged into the email account **mjdatasales@juno.com** from a server used by Defendant to carry out the intrusion against MJ Freeway. Discovery to the email address provider is likely to reveal information about the Defendant's identity, such as account registration information, and/or information that, with further discovery, will lead to Defendant's identity, including IP addresses used at a particular date and time by Defendant to register and access the account. *Id.* at ¶ 6.d., Ex. 3.

e) The Defendant accessed MJ Freeway's confidential and trade secret source code on **bitbucket.org**, a code repository site, and created an account at that site using the email account: **thecontroller82@juno.com**. Discovery to the code repository provider regarding the account registered with this email address is likely to reveal information about the Defendant's identity, such as account registration information, and/or information that, with further discovery, will lead to Defendant's identity, including IP addresses used at a particular date and time by Defendant to register and access the account. *Id.*, ¶ 6.e., Ex. 4.

f) Defendant used the following accounts on the social media site twitter.com to distribute MJ Freeway's confidential and trade secret source code: **noonerunsthispl** and **runsthisplace**. Discovery to the provider of these accounts is likely to reveal information about the Defendant's identity, such as account registration information, and/or information that, with further discovery, will lead to Defendant's identity, including IP addresses used at a particular date and time by Defendant to register and access the accounts. *Id.*, ¶ 6.f., Ex. 5.

g) Defendant used the Amazon Web Services cloud computing account: **arn:aws:iam::311152497758:user/theodo**, to make unauthorized access to MJ Freeway's computers and the confidential data on those computers. Discovery to the provider of this account is likely to reveal information about the Defendant's identity, such as account registration information, and/or information that, with further discovery, will lead to Defendant's identity, including IP addresses used at a particular date and time by Defendant to register and access the accounts. *Id.*, ¶ 6.g., Ex. 6.

h) Defendant created the following account on github.com, a code repository site, to distribute MJ Freeway's confidential and trade secret source code: **mjfreeway**. Discovery to the provider of this account is likely to reveal information about the Defendant's identity, such as account registration information, and/or information that, with further discovery, will lead to Defendant's identity, including IP addresses used at a particular date and time by Defendant to register and access the account. *Id.*, ¶ 6.h., Ex 7.

i) Defendant created the following account on gitlab.com, a code repository site, to distribute MJ Freeway's confidential and trade secret source code: **mjfreeway**. Discovery to the provider of this account is likely to reveal information about the Defendant's identity, such as account registration information, and/or information that, with further discovery, will lead to Defendant's identity, including IP addresses used at a particular date and time by Defendant to register and access the account. *Id.*, ¶ 6.i., Ex. 8.

j) Defendant registered the Internet domain **mjfzone.net** and associated account to distribute MJ Freeway's confidential and trade secret source code. Discovery to the domain registrar through which this account was registered is likely to reveal information about the Defendant's identity, such as account registration information, and/or information that, with further discovery, will lead to Defendant's identity, including payment information and IP addresses used at a particular date and time by Defendant to register and access the account. *Id.*, ¶ 6.j., Ex. 9.

k) Defendant registered the Internet domain **marihuanadata.com** and associated account to distribute MJ Freeway's confidential and trade secret source code. Discovery to the domain registrar through which this account was registered is likely to reveal information about the Defendant's identity, such as account registration information, and/or information that, with further discovery, will lead to Defendant's identity, including payment information and IP addresses used at a particular date and time by Defendant to register and access the account. *Id.*, ¶ 6.k., Ex. 10.

l) Defendant used the email account **weselludata@mail2world.com** to distribute MJ Freeway's confidential and trade secret source code. Discovery to the email address

provider is likely to reveal information about the Defendant's identity, such as account registration information, and/or information that, with further discovery, will lead to Defendant's identity, including IP addresses used at a particular date and time by Defendant to register and access the account. *Id.*, ¶ 6.l., Ex. 11.

The third party technical infrastructure providers who maintain these accounts and technical facilities are reasonably likely to be in possession of information that would identify Defendant. Internet electronic mail providers, Internet Service Providers that allocate IP addresses, domain registrars and resellers through which Internet domains are sold, dedicated hosting companies and cloud computing companies that provide servers that host code or domains, social media account providers and other similar infrastructure providers, including the foregoing, require that users of their services provide certain information when they sign up. For example, users may be required to provide information such as a name, address, age, postal code and an alternative email address, and payment instrument information, so that the infrastructure provider may contact the potential user about their accounts and infrastructure. Although a user might falsify some such information, they may also provide information that is actually in use, such as an alternative email address, and such infrastructure providers can use such points of contact to send the user important account-related information. *Id.*, ¶ 7.

Infrastructure providers also often record IP addresses used to register or to access such accounts. Once these IP addresses are identified, they may be used to identify accountholders. Specifically, to access the Internet, computers need an IP address, which enables computers to identify and communicate with other computers over the Internet. Internet Service Providers lease IP addresses to individuals and businesses, typically in conjunction with Internet access service. The header and transmission data of email should also contain the IP address for the computer at a particular date and time as well as the IP address for the Internet Service Provider that the email was routed through. Internet Service Providers frequently have records identifying the individuals who purchased, signed up for and used their services, or records that can lead to the discovery of that information. For example, the Internet Service Providers generally will maintain logs of which accountholder used a particular IP address at a given time. *Id.*, ¶ 8.

Thus, once IP addresses used by Defendant in this case are discovered, by subpoenas to the particular identified infrastructure providers set forth above, it is and will be possible to obtain further discovery from the third party companies controlling such IP addresses, to identify Defendants. This, in turn may also lead to further technical infrastructure (IP addresses, computer-specific addresses or other indicia of access or identity) as well as other payment or account information, all of which are reasonably likely to identity the Defendant. In particular, infrastructure providers may have other information to identify an accountholder, as they may have insisted on valid billing information, such as valid credit card or bank account data, and they will often retain records that demonstrate who paid for their services. Therefore, electronic payment processors, banks and other financial institutions are likely to be in possession of information sufficient to identify accountholders using a particular IP address or other technical infrastructure. Similarly, electronic mail providers, including the providers of the email infrastructure set forth above, often possess archived email "header" information, which includes, beyond IP addresses, other transmission data and routing information concerning from where email messages originated and to where they may be sent. This information enables the same form of investigation and identification of Defendant's identity. *Id.*, ¶ 9.

Informal contact with third-party infrastructure providers or financial institutions whose services were used by Defendant to carry out the activities detailed in the complaint is unlikely to yield sufficient identifying information for Defendant. Such operators, including specifically the operators of the infrastructure above, typically refuse to divulge information about users or accounts without a subpoena or other legal authorization. *Id.*, ¶ 14. If granted civil discovery to investigate these sources of information, MJ Freeway will likely be able to obtain valid information leading to the identity of the Defendant.

## III. <u>ARGUMENT</u>

MJ Freeway seeks leave of the Court to conduct discovery to determine the identity of the Doe Defendant so that they can be named in the complaint and the summons can be served upon them. The Ninth Circuit permits discovery to determine the identity of unknown defendants: "Where the identity of alleged defendants will not be known prior the filing of a complaint[ ,] …

the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (relying on *Gillespie* in reversing district court's dismissal of Doe complaint). In *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999), the court suggested a four-part framework for a party's motion for leave to conduct discovery against Doe defendants. *Id.* at 578.

Here, MJ Freeway's third party discovery request is justified under *Gillespie* and the *Seescandy.com* framework. MJ Freeway therefore respectfully asks the Court to grant MJ Freeway leave to conduct limited discovery to locate and identify the Doe Defendant.

**A. <u>Defendants Are Real Persons Or Entities</u>**

Under *Seescandy.com*, MJ Freeway must first identify the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court. *Seescandy.com*, 185 F.R.D. at 578 (*citing Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977)). Here, the Doe Defendant is an individual or entity that has accessed MJ Freeway's computers without authorization and has obtained confidential intellectual property and trade secrets. In doing so, Defendant misappropriated MJ Freeway's trade secrets by, among other things, disclosing that information to MJ Freeway's competitors and to the public. Defendant's unauthorized access to and disclosure of MJ Freeway's confidential intellectual property and trade secrets has caused MJ Freeway to incur damages and losses, including impairment to its computer systems, costs associated with investigating Defendant's unauthorized computer access, as well as the loss to its business stemming from the diminished value of its trade secrets and associated goodwill.

Given the sophisticated and volitional nature of the illegal acts at issue, there can be no question that the Defendant is a real person or entity. The Defendant carried out the unlawful acts at issue using the specific technical infrastructure set forth above. In doing so, Defendant had to register and maintain this particular infrastructure, including providing identifying information to the infrastructure providers. Thus, Defendant is a discernible missing party, who is identified

with specificity by reference to the particular infrastructure that Defendant set up and used to carry out the illegal acts in the complaint. Once identified, through discovery to the providers of this infrastructure or further identified infrastructure, the Defendant will be subject to this lawsuit in federal court.

**B. MJ Freeway Has Taken Substantial Steps To Locate The Defendant**

The second *Seescandy.com* requirement is that MJ Freeway "identify all previous steps taken to locate the elusive defendant." *Seescandy.com*, 185 F.R.D. at 579 (*citing Plant v. Does*, 19 F. Supp. 2d 1316 (S.D. Fla. 1998)). MJ Freeway's efforts to date are substantial. *See Ramsey Decl.*, ¶¶ 5-15. After learning of the authorized access to its computers and servers, and disclosure of its confidential material and trade secrets, MJ Freeway undertook an investigation to identify and locate Defendant. *Id.*, ¶¶ 3-4. MJ Freeway carried out extensive technical investigation of the intrusion, which led to the identification of technical infrastructure, set forth above, used by Defendant to carry out the attack. *Id.*, ¶¶ 5-6. Thereafter, MJ Freeway searched public records and the Internet for evidence associated with the technical infrastructure, in an attempt to identify the Defendant. *Id.*, ¶¶ 6-14. MJ Freeway also has engaged with current and former employees, and with competitors, in an attempt to identify the Defendant. *Id.*, ¶ 15. To date, these efforts have not yielded any information sufficient to identify and name the Defendant. *Id.*, ¶ 15.

The technical information identified to date, that was used by the Defendant to carry out attacks, only has value when correlated with the accountholder information or other technical information in the possession of third party infrastructure providers. MJ Freeway seeks leave of the Court to issue discovery requests to such third parties because informal contact with those parties is unlikely to yield sufficient identifying information for the Defendant. *Id.*, ¶¶ 6-14. These entities typically refuse to divulge customer information without a subpoena or other legal authorization. *See id.* Accordingly, MJ Freeway respectfully requests that the Court grant MJ Freeway leave to serve discovery to such third parties. The requested discovery is necessary to identify the Doe Defendant carrying out the illegal conduct at issue in this case.

**C. MJ Freeway's Action Can Withstand A Motion To Dismiss**

The third *Seescandy.com* factor requires MJ Freeway to establish, to the Court's satisfaction, that its action against the Defendant can withstand a motion to dismiss. *Seescandy.com*, 185 F.R.D. at 579 (*citing Gillespie*, 629 F.2d at 642). MJ Freeway asserts claims stemming from Defendant's violation of the Computer Fraud and Abuse Act ("CFAA"), trade secret misappropriation under the federal Defend Trade Secrets Act and California's Uniform Trade Secrets Act, as well as unfair competition under state law and violation of California's anti-hacking statute. Complaint, ¶ 1. MJ Freeway meets this requirement because, as pled in the Complaint in detail, there is technical evidence of Defendant's unauthorized intrusion into MJ Freeway's protected computers and servers, used in interstate and foreign commerce, as well as delivery of damaging code, and resultant unauthorized access to and disclosure of MJ Freeway's confidential information and trade secrets.

**1. Violation Of The Computer Fraud And Abuse Act**

To state a claim for relief for a violation of the Computer Fraud and Abuse Act, MJ Freeway must plead facts that show Defendants (1) accessed a "protected computer," (2) without authorization or in excess of authorization, (3) intentionally, and (4) as result of the conduct caused damages. *Multiven, Inc. v. Cisco Systems, Inc.*, 2010 WL 288962, *3 (N.D. Cal. July 20, 2010).

MJ Freeway alleges in its Complaint that, without authorization, Defendant accessed MJ Freeway's computers and servers (connected to the Internet) that contained confidential intellectual property and trade secrets and disclosed that material to MJ Freeway's competitors and to the public, including by posting the material in internet forums and transmitting it by electronic means. Complaint, ¶¶ 14-25. MJ Freeway also alleges that Defendant's access was unauthorized as they accessed MJ Freeway's computers with the intent to disclose MJ Freeway's confidential and proprietary material to third parties. *Id.* MJ Freeway further alleges that it has suffered damages and costs in excess of $5,000, including costs associated with investigating the unauthorized access, mitigating the intrusion, and impairment to its computers and systems. *Id.* Accordingly, MJ Freeway has alleged sufficient facts to survive a motion to dismiss. *See*

*Multiven*, 2010 WL 288962 at *3-*5.

**2. Violation Of California Penal Code Section 502(c)**

Like the CFAA. Section 502(c) prohibits the unauthorized access of a computer. *Id.* at *6. MJ Freeway's claim under Section 502(c) is based on the same operative facts alleged in its claim for violation of the CFAA. Complaint, ¶¶ 14-25, 54-57. As MJ Freeway has alleged facts to state a claim for violation of the CFAA, it has also alleged facts to state a claim under Section 502(c). *Multiven*, 2010 WL 288962 at *6.

**3. Trade Secret Misappropriation**

To sustain a cause of action for trade secret misappropriation under the Defend Trade Secrets Act ("DTSA"), and California's Uniform Trade Secret Act ("CUTSA"), a plaintiff must allege facts that show: (1) the existence of a trade secret, (2) that the defendant either (a) acquired the plaintiff's trade secret through improper means or disclosed it third parties without the plaintiff's permission or (b) disclosure or use of the plaintiff's trade secret, acquired through improper means, without the plaintiff's consent. *See* 18 U.S.C. § 1836 *et seq.*; Cal. Civ. Code § 3426.1; *Veronica Foods Co. v. Ecklin*, 2017 U.S. Dist. LEXIS 101325, at *41-42 (N.D. Cal. June 29, 2017) (noting that "the DTSA and CUTSA's definitions of 'trade secret,' 'misappropriation,' and 'improper use' are substantially identical.")

MJ Freeway alleges in its Complaint that it has developed trade secrets, including its confidential intellectual property regarding its software, code, products, systems, user and customer information and business information. MJ Freeway further alleges that it employs passwords and other technological measures to limit access to its confidential material and that it employs confidentiality, non-disclosure and non-use agreements to protect such trade secrets. MJ Freeway alleges that, either by virtue of their unauthorized access and/or, directly or indirectly, their contractual or other obligations to MJ Freeway, that Defendant improperly obtained the trade secrets through technical means and/or through breach of a duty to maintain the secrecy of the trade secrets. MJ Freeway alleges that Defendant copied MJ Freeway's trade secrets with the intent to disclose them to MJ Freeway's competitors and to the public; and disclosed MJ Freeway's trade secrets to its competitors and to the public. Complaint, ¶¶ 8-18, 26-44. MJ

Freeway also alleges damages as a result of Defendant's misappropriation of MJ Freeway's trade secrets. *Id.* Thus, MJ Freeway states a claim for trade secret misappropriation.

**4. Unfair Competition**

California's unfair competition law prohibits "any unlawful, unfair, or fraudulent business act or practice." *Multiven*, 2010 WL 288962 at *7. An unfair competition plaintiff must show that it has lost money or property as a result of unfair competition. *Id.* In its Complaint, MJ Freeway alleges that Defendant engaged in unlawful conduct, i.e., the unauthorized access of its computers and servers in violation of the Computer Fraud and Abuse Act and Section 502(c) of California's Penal Code. Complaint, ¶¶ 14-25, 54-57. MJ Freeway also alleges that Defendant's unlawful conduct was intentional and constituted an unfair competition and trade secret misappropriation, as Defendant disclosed confidential MJ Freeway material to its competitors with the intent to injure MJ Freeway competitively. *Id.*, ¶¶ 26-53. MJ Freeway further alleges that it suffered damages, including the costs associated with investigating Defendant's unauthorized access and disclosure, conducting a damages assessment, taking mitigation measures and implementing additional security and safety measures to prevent further unauthorized access or disclosure. *Id.*, ¶¶ 17, 24. In sum, based on the allegations in its Complaint regarding the unlawful intrusion into and access to confidential MJ Freeway intellectual property and trade secrets stored on its computers, and disclosure of that intellectual property and trade secrets to MJ Freeway's competitors and to the public, MJ Freeway's lawsuit can survive a motion to dismiss.

**D. MJ Freeway's Proposed Discovery Will Likely Lead To Identifying Information About Defendants**

The final *Seescandy.com* factor requires MJ Freeway to support its request for discovery with reasons justifying the specific discovery requested, as well as the sources of discovery upon which process might be served. *Seescandy. com*, 185 F.R.D. at 579 (*citing Gillespie*, 629 F.2d at 642). In doing so, MJ Freeway should show that "there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.* Here, as described above, MJ Freeway proposes a course of discovery that

will likely result in the identification of the Doe Defendant. MJ Freeway has identified above the specific technical infrastructure set up and used by Defendant to carry out the illegal acts in the Complaint. MJ Freeway proposes to serve discovery on the third party entities which provision and operate the above-described technical infrastructure. Proposed subpoenas, set forth at Exhibits 1-11 of the Ramsey Decl., seek from these third parties all information relating to the Defendant who registered, paid for and used the infrastructure that was used to carry out the attack against MJ Freeway. Recognizing that these entities may only be the first step in an investigation that ultimately leads to the identification of the Defendant, MJ Freeway requests authority to issue follow-up discovery on the leads provided by the initially subpoenaed parties controlling the infrastructure used by the Defendant. For example, subpoenas to the infrastructure providers who maintain the infrastructure listed above is likely to yield further IP addresses, email addresses and payment information, which would be the subject of follow up discovery. This approach to unknown defendants, using civil discovery to pursue account information and associated technical information, including follow up discovery on additional discovery leads that are uncovered, has been utilized in numerous prior matters to identify unknown defendants engaged in hacking activity. Ramsey Decl., ¶ 7. Such discovery and this approach has been successfully applied with respect to a number of the specific third parties that maintain the discovery at issue. *Id.* Accordingly, based on the known specific infrastructure at issue in this case, the fact that it is specifically identified with Defendant, the fact that the infrastructure providers are known to possess relevant information, and the fact that this civil discovery approach has led to successful identification of similarly situated defendants in the past, granting MJ Freeway leave to conduct discovery to the providers of the foregoing infrastructure (Ramsey Decl., Exs. 1-11) is reasonably likely to identify Defendant in this matter such that service of process would be possible.

Assuming timely responses to its proposed subpoenas at Ramsey Decl., Exs.1-11, and further assuming at least one round of additional follow-on discovery and timely response to any such subpoenas and any Letters of Request pursuant to the Hague Convention, if necessary, MJ Freeway expects to complete the Doe discovery phase in 180 days. These efforts are reasonably

likely to lead to identification and location of the Doe Defendant.

## IV. **<u>CONCLUSION</u>**

For the foregoing reasons, MJ Freeway respectfully requests that the Court grant MJ Freeway's Renewed Motion for Leave to Conduct Third-Party Discovery.

Dated: March 28, 2018

CROWELL & MORING LLP

*/s/ Gabriel M. Ramsey*
GABRIEL M. RAMSEY
CHRISTOPHER CADENA
Attorneys for Plaintiff
MJ Freeway LLC